IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TODD McCALLA, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: ) JURY DEMAND |
| DOMAIN NAMES INTERNATIONAL, LLC d/b/a INTRUST DOMAINS, and KEN PALM, | ) ) ) ) |
|     Defendants. | ) |

## COMPLAINT

Comes the Plaintiff, Todd McCalla, by and through counsel, and sues the Defendant, Domain Names International, LLC, d/b/a Intrust Domains, and for cause would state and show as follows:

## I.
## THE PARTIES

1. The Plaintiff, Todd McCalla, ("McCalla") is a citizen and resident of the Middle District of Tennessee for all times material hereto. He is a "consumer" within the meaning of Tenn. Code Ann. §47-18-102.

2. The Defendant, Domain Names International, LLC d/b/a Intrust Domains, ("Intrust Domains") is believed to be a Colorado limited liability company with its principal place of business at 11605 Meridian Market View 124-134, Falcon, Colorado 80831.

3. The Defendant, Kenn Palm ("Palm"), is believed to be the managing partner of Defendant, Intrust Domains, and the individual most responsible for the illegal actions of Defendant, Intrust Domains, as hereafter pled.

1

## II.
## VENUE AND JURISDICTION

4. The Plaintiff avers that venue is proper pursuant to 28 U.S.C. §1391.

5. The Plaintiff avers that jurisdiction is proper pursuant to 28 U.S.C §1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.

## III.
## THE FACTS

6. The Plaintiff avers that on or about December 2, 2010 he purchased the domain name, *"honeybelloranges.com"* from the Defendants for $393.00.

7. The Plaintiff avers that he purchased the domain *"honeybelloranges.com"* from the Defendant, Intrust Domains, based on the representation that it was owned by Defendant, Intrust Domains.

8. The Plaintiff avers that, in fact, Defendant, Intrust Domains, did not own the domain *"honeybelloranges.com"*.

9. The Plaintiff avers that the Defendants knew that Defendant, Intrust Domains, did not own the domain name at the time that it represented to Mr. McCalla that it owned it.

10. The Plaintiff avers that the Defendants took the Plaintiff's money despite knowing that Defendant, Intrust Domains, did not own the domain name in order to sell it to the Plaintiff.

11. The Plaintiff avers that the Defendants confirmed that he owned the domain name *"honeybelloranges.com"* in writing as well despite knowing that the Defendant, Intrust Domains,

2

did not actually own the domain name to sell to the Plaintiff. Or, the Defendants sold "*honeybelloranges.com*" to a third party for a higher price.

12. The Plaintiff avers that the real value of the domain name is well in excess of the amount he paid the Defendants for it.

13. The Plaintiff avers that the domain name "*honeybelloranges.com*" is actually owned by a third party.

14. The Plaintiff avers that he relied upon the Defendant's misrepresentation and paid Defendant, Intrust Domains, for the domain name "*honeybelloranges.com*". The Plaintiff avers that as a direct and proximate result he has lost the opportunity to maximize the value of the domain name.

15. The Plaintiff avers that the actions of the Defendants are part of a pattern and common business practice by Defendant, Intrust Domains, and Defendant, Palm. The Plaintiff avers that the fraudulent actions of Defendant, Intrust Domains, are conducted by, in concert with, and at the direction of Defendant, Palm.

16. The Plaintiff avers that the Defendants engaged in an unfair and deceptive act in the purported sale of the domain name to the Plaintiff. The Plaintiff further avers that their actions were intentional, fraudulent, willful and knowing.

17. The Plaintiff avers that the Defendants engage in this type of business practice as a standard practice.

18. The Plaintiff avers that, in the alternative, the Defendant was mistaken as to its ownership of "*honeybelloranges.com*" when it represented to Plaintiff that it owned the domain name.

19. The Plaintiff avers that the Defendants had a duty to know whether Defendant, Intrust Domains, owned the domain prior to representing to Plaintiff that it did.

20. The Plaintiff avers that the Defendants breached their duty to the Plaintiff and that he has sustained damages as a direct and proximate result.

21. The Plaintiff avers that he reasonably relied upon the false representations of the Defendants in purchasing the domain name "*honeybelloranges.com*" from them.

## IV.
## FIRST CAUSE OF ACTION
## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT AT TENN. CODE ANN. §47-18-104 *et seq.*

22. The Plaintiff relies upon the factual averments in numbered paragraphs 1-21 in support of the following cause of action.

23. The Plaintiff avers that the Defendants engaged in actions which were both unfair and deceptive in violation of Tenn. Code Ann. §47-18-104(a). He has suffered significant damages as a direct and proximate result.

24. The Plaintiff avers that the Defendants violated Tenn. Code Ann. §47-18-104(b)(1)(2)(5)(14) and (27) as well by their fraudulent actions.

25. The Plaintiff avers that the Defendants' actions were willful, knowing and intentional.

## V.
## SECOND CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

26. The Plaintiff relies upon the factual averments in numbered paragraphs 1-25 in support of the following cause of action.

27. The Plaintiff avers that the Defendants misrepresented that they had the right, authority, and ability to sell the domain *"honeybelloranges.com"* to him via the internet on their website, Intrust Domains.

28. The Plaintiff avers that the Defendants knew, or should have known, that they did not actually own the domain name at the time they represented to the Plaintiff that they had the present ability to sell it to the Plaintiff.

29. The Plaintiff reasonably relied upon the false representation of the Defendants by and through their written statements on their website, Intrust Domains, and paid the Defendants for the domain name "honeybelloranges.com".

30. The Plaintiff avers that he has sustained significant damages as a result of the Defendants' misrepresentations.

## VI.
## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

31. The Plaintiff relies upon the factual averments in numbered paragraphs 1-30 in support of the following cause of action.

32. The Plaintiff avers that the Defendants had a duty to know whether they owned, or had the right to sell, the domain name *"honeybelloranges.com"* to the Plaintiff.

33. The Plaintiff avers that the Defendants breached their duty to him and their breach has resulted in significant financial damages to him as a direct and proximate result.

34. The Plaintiff avers that he reasonably relied on the false representations of the Defendant to his detriment.

5

## THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

That the Defendants be served and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded compensatory damages in an amount in excess of $75,000.00;

3. That the Plaintiff be awarded punitive damages in an amount to be set by the Jury;

4. That the Plaintiff be awarded treble damages, attorneys fees, pre-and-post-judgment interest, and other costs pursuant to Tenn. Code Ann. §47-18-109;

5. That a jury be impanelled to hear this action;

6. That the Plaintiff be awarded such other, further relief to which he may be entitled.

7. That the Tennessee Attorney General be notified as required of the Defendants violations of Tenn. Code Ann. §47-18-101 *et seq.*

Respectfully submitted,

G. Kline Preston, IV #17141
Kline Preston Law Group
530 Church Street, Ste. 202
Nashville, Tennessee 37219
Phone: (615) 244-5220
Fax: 866-610-9565

6