# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TODD McCALLA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO.: 3:10-1235 |
| | )    JURY DEMAND |
| DOMAIN NAMES INTERNATIONAL, | ) |
| LLC d/b/a INTRUST DOMAINS, | ) |
| and KENN PALM, | ) |
| | ) |
|     Defendants. | ) |

## PROPOSED CASE MANAGEMENT ORDER

1. **Jurisdiction and Venue**: The basis of subject matter jurisdiction is diversity. Venue is proper in this Court. The Defendants shall file a notice of citizenship for the members of Domain Names International, LLC and Kenn Palm at the time of the filing of this Complaint and currently by April 11, 2011.

2. **Theories of the Case**:

    **(a)** **Plaintiffs' Theory** The Plaintiff, Todd McCalla, ("McCalla") is a citizen and resident of the Middle District of Tennessee for all times material hereto. He is a "consumer" within the meaning of Tenn. Code Ann. §47-18-102. The Defendant, Domain Names International, LLC d/b/a Intrust Domains, ("Intrust Domains") is believed to be a Colorado limited liability company with its principal place of business at 11605 Meridian Market View 124-134, Falcon, Colorado 80831. The Defendant, Kenn Palm ("Palm"), is believed to be the managing partner of Defendant, Intrust Domains, and the individual most responsible for the

1

illegal actions of Defendant, Intrust Domains, as hereafter pled. The Plaintiff avers that on or about December 2, 2010 he purchased the domain name, *"honeybelloranges.com"* from the Defendants for $393.00. The Plaintiff avers that he purchased the domain "*honeybelloranges.com*" from the Defendant, Intrust Domains, based on the representation that it was owned by Defendant, Intrust Domains. The Plaintiff avers that, in fact, Defendant, Intrust Domains, did not own the domain *"honeybelloranges.com"* .The Plaintiff avers that the Defendants knew that Defendant, Intrust Domains, did not own the domain name at the time that it represented to Mr. McCalla that it owned it. The Plaintiff avers that the Defendants took the Plaintiff's money despite knowing that Defendant, Intrust Domains, did not own the domain name in order to sell it to the Plaintiff. The Plaintiff avers that the Defendants confirmed that he owned the domain name "*honeybelloranges.com*" in writing as well despite knowing that the Defendant, Intrust Domains, did not actually own the domain name to sell to the Plaintiff. Or, the Defendants sold "*honeybelloranges.com*" to a third party for a higher price. The Plaintiff avers that the real value of the domain name is well in excess of the amount he paid the Defendants for it.The Plaintiff avers that the domain name "*honeybelloranges.com*" is actually owned by a third party. The Plaintiff avers that he relied upon the Defendant's misrepresentation and paid Defendant, Intrust Domains, for the domain name "*honeybelloranges.com"*. The Plaintiff avers that as a direct and proximate result he has lost the opportunity to maximize the value of the domain name. The Plaintiff avers that the actions of the Defendants are part of a pattern and common business practice by Defendant, Intrust Domains, and Defendant, Palm. The Plaintiff avers that the fraudulent actions of Defendant, Intrust Domains, are conducted by, in concert with, and at the direction of Defendant, Palm. The Plaintiff avers that the Defendants engaged in

an unfair and deceptive act in the purported sale of the domain name to the Plaintiff. The Plaintiff further avers that their actions were intentional, fraudulent, willful and knowing. The Plaintiff avers that the Defendants engage in this type of business practice as a standard practice. The Plaintiff avers that, in the alternative, the Defendant was mistaken as to its ownership of "*honeybelloranges.com*" when it represented to Plaintiff that it owned the domain name. The Plaintiff avers that the Defendants had a duty to know whether Defendant, Intrust Domains, owned the domain prior to representing to Plaintiff that it did. The Plaintiff avers that the Defendants breached their duty to the Plaintiff and that he has sustained damages as a direct and proximate result. The Plaintiff avers that he reasonably relied upon the false representations of the Defendants in purchasing the domain name "*honeybelloranges.com*" from them.

(b) **Defendant's Theory:** First, Plaintiff failed to serve Defendant Kenn Palm, who is an individual and a Tennessee resident. Instead of personal service, or service upon an agent authorized to accept service of process, Plaintiff attempted to serve Mr. Palm by sending a certified letter to a UPS store, which acts as the service address for the corporate defendant. Neither Mr. Palm nor an agent authorized to accept service of process on his behalf signed the return receipt. Thus, service was ineffective under the Federal, Tennessee, and Colorado Rules of Civil Procedure.

Second, this dispute arises out of a contract for a sale, a fact that Plaintiff concedes in his complaint. He cannot, therefore, convert a contract action into a tort, as he has tried to do by alleging Defendants' liability to him under misrepresentation theories.

Third, the actions complained of occurred for reasons that are still uncertain, but in any event, those reasons were beyond Defendants' control. Consequently, Plaintiff's claims under the

Tennessee Consumer Protection Act should fail because he will be unable to prove unfair or deceptive conduct on Defendant's part.

Fourth, despite allegations of personal liability on the part of Mr. Palm, Plaintiff did not enter into a contract with him. Rather, he contracted with the corporate Defendants for the sale of a domain name. In that regard, this case is not one involving corporate misconduct and, therefore, not one that justifies piercing the corporate veil. Plaintiff will not be able to satisfy the *Allen* factors. Consequently, there is no reason to disregard the corporate entity and Mr. Palm should be dismissed from this case.

Finally, Plaintiff cannot prove the damages that he seeks. He bargained for a domain name that cost $393.00. In less that twenty-four hours of the discovery of the problem, Defendants returned to him his money; thus, he received the benefit of the bargain. Furthermore, Plaintiff cannot show that the problem complained of caused him to lose any opportunity. That is, Plaintiff holds himself out as a domainer- indeed, he maintains a public profile as a domainer, and based on his special knowledge, experience, and sophistication, as a domainer, he should be charged with failure to mitigate his damages.

3. **Status of Service of Process and Responsive Pleadings**: Service of process has been properly issued and served by certified mail. The Defendants contest service of process.

4. **Initial Disclosures**: All parties must make their Rule 26(a)(1) Initial Disclosures within fourteen days after the Initial Case Management Conference, or by April 19, 2011.

5. **Amendment of Pleadings.** The Plaintiff shall have until June 7, 2011 to amend his pleadings. The Defendants shall file any amended answer or other pleading within the time allowed by the Rules of Civil Procedure.

6. **Discovery.** The parties propose the following discovery schedule:

(a) <u>Discovery Deadlines</u>: All discovery (~~including~~ excluding expert witness depositions) shall be completed by November ~~31~~ 30, 2011. All expert discovery shall be completed by March 31, 2012.

(b) <u>Limitations on Written Discovery</u>: The parties agree the number of interrogatories as to each party shall not exceed 20, including subparts.

(c) <u>Discovery of Electronically Stored Information</u>: The parties have not met and conferred as required by Fed. R. Civ. P. 26(f); therefore, specific issues pertaining to discovery of electronically stored information (ESI) have not been explored or resolved by the parties. At this time, and considering the nature of the litigation, the parties do not anticipate that extensive electronic discovery will be necessary. Thus, the parties intend to opt out of the requirements contained in Administrative Order 174. Should the parties encounter problems regarding the discovery of ESI, the parties agree to jointly move the Court for a secondary case management conference. The parties recognize that any such conference might require a delay or postponement of the instant scheduling order.

(d) <u>Discovery Motions</u>: All discovery motions shall be filed as soon as practical based upon the nature of the dispute, but in no event shall any discovery motion be filed after March 31, 2012. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

7. **Dispositive Motions:** All dispositive motions shall be filed by April ~~31~~ 30, 2012. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the

5

motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

8. **Expert Witness Disclosures**. By the close of business on December 31, 2011, Plaintiff shall disclose to Defendant (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P. By the close of business on January 31, 2012, Defendant shall disclose to Plaintiff (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26 (a)(2)(B), Fed. R. Civ. P.

9. **Joint Mediation Report.** The parties shall file a joint mediation report on or before February 2, 2012.

**ENTERED** this 6th day of April, 2011.

                                                                                              _____
                                                                                              **ALETA A. TRAUGER**
                                                                                              **UNITED STATES DISTRICT JUDGE**

**APPROVED FOR ENTRY:**

/s/      Kline Preston

G. KLINE PRESTON, IV (#17141)
Kline Preston Law Group, P.C.
530 Church Street, Ste. 202
Nashville, Tennessee 37219
(615) 244-5220
kpreston@klinepreston.com

*Attorney for Plaintiff*

/s/    Daniel W. Olivas, Esq.
DANIEL W. OLIVAS, BPR # 10896
424 Church Street, Ste. 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366
*Attorney for Domain Names*